WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Edward Francis Warciski,<br><br>              Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>             Defendant. | No. CV-21-08200-PHX-SMB<br><br>**ORDER** |

At issue is the denial of Plaintiff Edward Francis Warciski's Application for Social Security Disability Insurance ("SSDI") benefits by the Social Security Administration ("SSA") under the Social Security Act (the "Act"). Plaintiff filed a Complaint (Doc. 1), and an Opening Brief (Doc. 14), seeking judicial review of that denial. Defendant SSA Commissioner ("Commissioner") filed an Answering Brief (Doc. 19), to which Plaintiff replied (Doc. 20). The Court has reviewed the parties' briefs, the Administrative Record (Doc. 10), and the Administrative Law Judge's ("ALJ") decision (Doc. 10-6 at 2–15) and will vacate the ALJ's decision and remand for further administrative proceedings, for the following reasons.

**I.  BACKGROUND**

Plaintiff filed an Application for SSDI benefits in December 2018, alleging a disability beginning in September 2018. (Doc. 10-6 at 5.) Plaintiff's claim was initially denied in March 2021. (*Id.*) A telephonic hearing was held before ALJ Kelly Walls on August 4, 2020. (*Id.*) After considering the medical evidence and opinions, the ALJ

determined that Plaintiff suffered from severe impairments: "diabetes mellitus, type II; diabetes neuropathy; osteoarthritis of the bilateral hips; degenerative disc disease of the thoracic spine; bilateral carpal tunnel syndrome, moderate on the right with Darier resection on the left; degenerative joint disease of the left shoulder and left knee." (*Id.* at 8.) However, the ALJ concluded that, despite these impairments, Plaintiff had the residual functional capacity ("RFC") to perform light work except:

> the claimant is able to sit for about 6 hours out of an 8-hour day and stand and/or walk about 4 hours out of an 8-hour day; occasionally climb ramps and stairs, but never climb ladders, ropes, or scaffolds; occasionally balance, stoop, kneel, and crouch; never crawl; frequently handle and finger bilaterally; avoid non-weather related extreme temperatures, vibration, and hazards, including moving machinery and unprotected heights.

(*Id.* at 9.) Consequently, Plaintiff's Application was again denied by the ALJ on December 28, 2020. (*Id.* at 15.) Thereafter, the Appeals Council denied Plaintiff's Request for Review of the ALJ's decision—making it the final decision of the SSA Commissioner (the "Commissioner")—and this appeal followed. (Doc. 10-3 at 2.)

## II.   LEGAL STANDARDS

An ALJ's factual findings "shall be conclusive if supported by substantial evidence." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153 (2019). The Court may set aside the Commissioner's disability determination only if it is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001).

## III.   DISCUSSION

Plaintiff argues the ALJ committed harmful error by finding unpersuasive the state agency medical consultants' opinions—the only medical opinions before the ALJ—and

then crafting the Plaintiff's RFC "limitations out of whole cloth." (Doc. 14 at 10.) The Commissioner notes that there are no opinions in the record from one of Plaintiff's treating sources, and contends the RFC is based on substantial evidence despite the ALJ's rejection of "the *only* medical opinions/prior administrative medical findings in the record." (Doc. 19 at 6.) Plaintiff also criticizes the ALJ's reliance on an exhibit (Exhibit 13F) that belonged to a different claimant. (Doc. 14 at 9.) The Commissioner describes the references to Exhibit 13F as just "a handful of citations," and any error was harmless because "the ALJ did not rely solely on" those pages to make the RFC findings. (Doc. 19 at 12.)

The ALJ is responsible for determining "the most a plaintiff can do despite their limitations." *See French v. Kijakazi*, No. 21-cv-0092-BLM, 2022 WL 3362276, at *7 (S.D. Cal. Aug. 15, 2022) (citing 20 C.F.R. §§ 404.1545(a)(1), 404.1546(c)). While "the RFC is an administrative finding and not a medical finding, an ALJ still needs medical support for [the] RFC finding." *Id.* at *8.

In the RFC, the ALJ found the state agency medical consults' prior findings that Plaintiff's impairments were "non-severe" unpersuasive. The Parties agree that no other medical opinion evidence was presented. The parties also agree that Plaintiff's medical records do support the ALJ's finding that Plaintiff suffered from severe impairments. Yet, the ALJ included many exceptions to Plaintiff's RFC. The Commissioner points to no evidence, nor has the Court found any, to substantiate the limitations the ALJ articulated, including: Plaintiff's ability to sit, stand, or walk during an 8-hour day; Plaintiff's ability to climb ramps or stairs; crawl; handle or finger bilaterally; and avoid certain temperatures, vibrations, and hazards. The ALJ's findings on Plaintiff's limitations were thus not supported by substantial evidence. *See De Gutierrez v. Saul*, No.: 1:19-cv-00463-BAM, 2020 WL 5701019, at *6 (E.D. Cal. Sept. 24, 2020) ("Without a medical opinion to support the conclusion that Plaintiff was able to perform medium work and could lift and carry fifty pounds occasionally and twenty-five pounds frequently, stand and/or work for eight hours in an eight-hour workday, sit for eight hours in an eight-hour workday, and was limited to

simple routine tasks, the ALJ's RFC lacks the support of substantial evidence.").

Plaintiff argues the ALJ committed harmful error by crafting the RFC without evidentiary support. The Court agrees. The Court "will not reverse an ALJ's decision for harmless error, which exists when it is clear from the record that the ALJ's error was inconsequential to the ultimate nondisability determination." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (cleaned up). Here, the Court cannot say that the ALJ's error was inconsequential because the RFC limitations informed the ALJ's hypothetical and the vocational expert's testimony. *See Holden v. Comm'r of Soc. Sec. Admin.*, No. CV-21-01437-PHX-SMB, 2023 WL 2186574, at *5 (D. Ariz. Feb. 23, 2023) ("[A]ny hypothetical an ALJ poses to a vocational expert from the RFC 'must set out all the limitations and restrictions of the particular claimant.'" (quoting *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988)). Whether Plaintiff could perform past relevant work, or what work Plaintiff could perform in general, is unclear because Plaintiff's limitations cannot be verified. The Court thus agrees that the ALJ committed harmful error and will remand for further administrative proceedings to determine Plaintiff's RFC, as consistent with the available medical evidence. *See Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004) ("Remand for further proceedings is appropriate if enhancement of the record would be useful.") (Emphasis omitted).

The parties agree that the ALJ improperly considered and cited Exhibit 13F, which contained evidence for another claimant's case. The Court rejects that the ALJ cited Exhibit 13F only a "handful" of times. The ALJ's RFC analysis contains thirty-three citations to Exhibit 13F. (*See* Doc. 10-6 at 10–12.) In fact, two full paragraphs of analysis exclusively cite Exhibit 13F. (*See id.*) The ALJ's considerable reliance on this irrelevant exhibit amounts to harmful error. Because the Court has already found remand to be necessary, the Court will instruct that all subsequent administrative proceedings shall exclude any consideration or reference to this irrelevant exhibit.

### IV. CONCLUSION

Therefore,

**IT IS ORDERED** vacating the December 28, 2020 decision of the ALJ, as upheld by the Appeals Council.

**IT IS FURTHER ORDERED** remanding this case for further proceedings consistent with this opinion.

**IT IS FURTHER ORDERED** instructing the Clerk to enter judgment consistent with this order and terminate this case.

Dated this 20th day of March, 2023.

_____
Honorable Susan M. Brnovich
United States District Judge